24-2556-cv
Arnold v. Town of Camillus

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand twenty-five.

PRESENT: RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
MARIA ARAÚJO KAHN,
*Circuit Judges*.

------------------------------------------------------------------

PATRICIA ARNOLD,

*Plaintiff-Appellant*,

v.                                                                              No. 24-2556-cv

TOWN OF CAMILLUS, NEW YORK, POLICE
CHIEF THOMAS WINN, IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITIES AS
OFFICIALS, OFFICERS, AGENTS, EMPLOYEES,
AND/OR REPRESENTATIVES OF THE TOWN
OF CAMILLUS AND/OR THE CAMILLUS
POLICE DEPARTMENT, CAPTAIN JAMES

NIGHTINGALE, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS OFFICIALS, OFFICERS, AGENTS, EMPLOYEES, AND/OR REPRESENTATIVES OF THE TOWN OF CAMILLUS AND/OR THE CAMILLUS POLICE DEPARTMENT, TOWN SUPERVISOR MARY ANN COOGAN, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS OFFICIALS, OFFICERS, AGENTS, EMPLOYEES, AND/OR REPRESENTATIVES OF THE TOWN OF CAMILLUS AND/OR THE CAMILLUS POLICE DEPARTMENT, DAVID CALLAHAN, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS OFFICIALS, OFFICERS, AGENTS, EMPLOYEES, AND/OR REPRESENTATIVES OF THE TOWN OF CAMILLUS AND/OR THE CAMILLUS POLICE DEPARTMENT, JOY FLOOD, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS OFFICIALS, OFFICERS, AGENTS, EMPLOYEES, AND/OR REPRESENTATIVES OF THE TOWN OF CAMILLUS AND/OR THE CAMILLUS POLICE DEPARTMENT, DICK GRIFFO, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS OFFICIALS, OFFICERS, AGENTS, EMPLOYEES, AND/OR REPRESENTATIVES OF THE TOWN OF CAMILLUS AND/OR THE CAMILLUS POLICE DEPARTMENT, STEVEN JAMES, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS OFFICIALS, OFFICERS, AGENTS, EMPLOYEES, AND/OR REPRESENTATIVES OF THE TOWN OF CAMILLUS AND/OR THE CAMILLUS POLICE DEPARTMENT, MIKE LAFLAIR, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS OFFICIALS, OFFICERS, AGENTS, EMPLOYEES, AND/OR

REPRESENTATIVES OF THE TOWN OF CAMILLUS AND/OR THE CAMILLUS POLICE DEPARTMENT, MARY LUBER, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS OFFICIALS, OFFICERS, AGENTS, EMPLOYEES, AND/OR REPRESENTATIVES OF THE TOWN OF CAMILLUS AND/OR THE CAMILLUS POLICE DEPARTMENT, JOHN DOE(S), IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS OFFICIALS, OFFICERS, AGENTS, EMPLOYEES, AND/OR REPRESENTATIVES OF THE TOWN OF CAMILLUS AND/OR THE CAMILLUS POLICE DEPARTMENT, JANE DOE(S), IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS OFFICIALS, OFFICERS, AGENTS, EMPLOYEES, AND/OR REPRESENTATIVES OF THE TOWN OF CAMILLUS AND/OR THE CAMILLUS POLICE DEPARTMENT,

*Defendants-Appellees*.

------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | STEPHEN BERGSTEIN, Bergstein & Ullrich, New Paltz, NY (A.J. Bosman, Bosman Law, L.L.C., Blossvale, NY, *on the brief*) |
| FOR APPELLEES: | KSENIYA PREMO (Hannah K. Redmond, *on the brief*), Bond, Schoeneck & King PLLC, Syracuse, NY |

Appeal from a judgment of the United States District Court for the

Northern District of New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED in part, and the cause is REMANDED for further proceedings consistent with this order.

Patricia Arnold appeals from an August 26, 2024 judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*) dismissing her complaint in part for failure to state a claim of municipal liability pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and granting summary judgment in favor of the Defendants-Appellees on her remaining claims. Arnold, who served as a police officer for the Town of Camillus (the "Town") for eight years, brought sex discrimination and hostile work environment claims under 42 U.S.C. § 1983 and the New York State Human Rights Law, N.Y. Exec. L. §§ 290 *et seq.* (NYSHRL) against the Town and certain senior officers in its police department. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

**DISCUSSION**

The standards of review for grants of summary judgment under Rule 56 of the Federal Rules of Civil Procedure and grants of judgment on the pleadings under Rule 12(c) are well established. *See Covington Specialty Ins. Co. v. Indian Lookout Country Club, Inc.*, 62 F.4th 748, 752 (2d Cir. 2023); *Matzell v. Annucci*, 64 F.4th 425, 433 (2d Cir. 2023).

## A. Hostile Work Environment

On appeal, Arnold first contends that the District Court erred in granting summary judgment in favor of the Defendants-Appellees on her hostile work environment claims. We agree. To prevail on a hostile work environment claim under § 1983 and the NYSHRL, a plaintiff must establish that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment." *Williams v. N.Y.C. Hous. Auth.*, 61 F.4th 55, 68 (2d Cir. 2023) (quotation marks omitted). We consider "the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with [the] employee's work performance." *Littlejohn v.*

5

*City of N.Y.*, 795 F.3d 297, 321 (2d Cir. 2015) (quotation marks omitted).

With those principles in mind, we conclude that Arnold adduced admissible evidence of nonincidental, pervasive, and inappropriate conduct that a reasonable jury could find "create[d] an objectively hostile or abusive work environment." *Moll v. Telesector Res. Grp., Inc.*, 94 F.4th 218, 229 (2d Cir. 2024). For example, she offered testimony that "throughout the course of [her] career at the Camillus Police Department," Defendant James Nightingale, a more senior police officer, engaged over an extended period in repeated "unwelcome and offensive touching of [her] body, including [her] arms, shoulders, and back" and, on one occasion, "above [her] groin," Joint App'x 1066–67,[1] even though it was "unnecessary" to perform his job duties, Joint App'x 1086. In addition, male officers testified that they had "never had [Nightingale] touch [them] in that way nor seen him touch other men in that fashion." Joint App'x 1082. Male colleagues also observed Nightingale "repeatedly touch" Arnold, "stand directly over her while she was on the computer or sitting in a chair," "plac[e] his hand

---

[1] The Defendants-Appellees ask us to limit our review of the record to Arnold's deposition testimony. But both Arnold's sworn affidavit and her deposition testimony are admissible evidence on summary judgment. Furthermore, the continuing violation doctrine permits us to consider conduct that would otherwise be time-barred by the statute of limitations applicable to NYSHRA and § 1983 claims. *See King v. Aramark Servs. Inc.*, 96 F.4th 546, 559–60 (2d Cir. 2024).

6

on her back or shoulder," and "touch[] her with his hands as he would walk by her." Joint App'x 1086–87. Arnold also testified that Nightingale's "conduct was frequent and noticeable enough that it became a running joke" within the police department, and that "the incidents began long before" she began documenting them in 2017. Joint App'x 1067.

"[D]rawing all inferences in [Arnold's] favor, we cannot say as a matter of law that these incidents could not amount to a claim of hostile work environment under federal and state law." *Williams*, 61 F.4th at 76; *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 75 (2d Cir. 2001) (vacating grant of summary judgment as to a hostile work environment claim where plaintiff testified that the defendant "grabbed and placed his hand on her hand on a daily basis, constantly, whenever he had the opportunity") (quotation marks omitted); *Redd v. New York Div. of Parole*, 678 F.3d 166, 177 (2d Cir. 2012). We accordingly conclude that the District Court erred in granting summary judgment as to Arnold's hostile work environment claims on the ground that "the alleged incidents were [not] severe or pervasive enough to meet the objective standard," Spec. App'x 57, and vacate the grant of summary judgment as to those claims under the NYSHRL and § 1983.

## B. Constructive Discharge

The District Court predicated its dismissal of Arnold's constructive discharge claim solely on the failure of her hostile work environment claims. Although we typically would vacate the dismissal and remand for the District Court to consider the constructive discharge claim anew given our order, we may also affirm the dismissal on any basis that appears in the record. *See Headley v. Tilghman*, 53 F.3d 472, 476 (2d Cir. 1995). Based on our review, we conclude that a reasonable jury could not find that the Defendants-Appellees "intentionally create[d] a work atmosphere so intolerable that [Arnold was] forced to quit involuntarily." *Petrosino v. Bell Atl.*, 385 F.3d 210, 229 (2d Cir. 2004) (quotation marks omitted). We therefore affirm the District Court's dismissal of Arnold's constructive discharge claim on that basis.

## C. Sex Discrimination

In dismissing Arnold's sex discrimination claims against the Town under the NYSHRL and against Nightingale under § 1983 based on the denial of training and instructional opportunities, the District Court concluded that Arnold failed to show that she suffered an adverse employment action or that these denials were based on her sex. Citing the Supreme Court's recent decision

8

in *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024), which involved a transfer in violation of Title VII, Arnold argues that the District Court defined "adverse employment action" too narrowly. We can avoid addressing the scope of *Muldrow*'s holding, however, because we agree that Arnold failed to adduce sufficient evidence of discriminatory intent.

Urging a contrary conclusion, Arnold points to Nightingale's statement that "women shouldn't be cops" as direct evidence of discriminatory intent. Appellant's Br. 46 (quoting Joint App'x 1082). We are not persuaded. The statement, offensive though it is, is not connected to any "workplace policy, practice, or decision" Nightingale made about Arnold's training or instructional opportunities. *See Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 213 (2015). Moreover, Arnold cannot establish discriminatory intent through comparator evidence because she failed to show that she was treated differently than male officers who were "similarly situated to [her] in all material respects." *Radwan v. Manuel*, 55 F.4th 101, 132 (2d Cir. 2022) (quotation marks omitted). We thus affirm the District Court's grant of summary judgment dismissing Arnold's disparate treatment claims under federal and state law.

**D. § 1983 *Monell* Liability**

The District Court dismissed Arnold's *Monell* claim alleging that the Town had a custom or policy of sex discrimination under Rule 12(c), and ultimately granted summary judgment as to Arnold's *Monell* claim alleging that municipal policymakers were deliberately indifferent to ongoing discrimination and harassment. We affirm.

As for the *Monell* claim alleging that the Town has a custom or policy of sex discrimination, we agree with the District Court that Arnold's allegations of a widespread policy of discriminating against women are conclusory and thus fail to plausibly allege any discriminatory policy or custom "so persistent and widespread as to practically have the force of law." *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quotation marks omitted).

We ultimately also agree with the District Court that Arnold failed to adduce evidence to support her claim of *Monell* liability based on Chief Winn's role as "a municipal policymaker." Spec. App'x 17; *see* Spec. App'x 64. Winn's failure to respond adequately to Arnold's 2018 complaint and incomplete response to her 2019 complaint does not meet the "stringent standard of fault" required to establish municipal liability under § 1983. *See Cash v. Cnty. of Erie*,

654 F.3d 324, 334 (2d Cir. 2011) (quotation marks omitted). "[W]here senior personnel have knowledge of a pattern of constitutionally offensive acts by their subordinates but fail to take remedial steps, the municipality may be held liable for a subsequent violation if the superior's inaction amounts to deliberate indifference or to tacit authorization of the offensive acts." *Lucente*, 980 F.3d at 306 (quotation marks omitted). But Arnold does not dispute that Winn addressed her only formal complaint in 2019 and that Nightingale's conduct thereafter stopped. She therefore failed to establish that Winn's purported failure to take adequate remedial steps "constitute[d] a deliberate choice" amounting to a Town "policy or custom." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 126 (2d Cir. 2004) (quotation marks omitted). We therefore affirm the District Court's dismissal of Arnold's *Monell* claims.

11

## CONCLUSION

We have considered Arnold's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED in part, VACATED in part, and the cause is REMANDED for further proceedings on Arnold's hostile work environment claims consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

12